FILED
December 18, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MEHDI MORADI, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-25-CV-1470-OLG |
| § | |
| ROSE THOMPSON, *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Petitioner Mehdi Moradi's Verified Petition for Writ of Habeas Corpus (Dkt. No. 1), filed pursuant to 28 U.S.C. § 2241, to which Respondents filed a response (Dkt. No. 8), and Petitioner filed a reply (Dkt. No. 9). For the reasons that follow, the Petition (Dkt. No. 1) is **GRANTED IN PART** as set forth below.

### I.    BACKGROUND

The relevant facts are not meaningfully in dispute. Petitioner is a citizen of Iran who entered the United States without inspection on or about September 7, 2024. Dkt. Nos. 1 at 12; 1-2 at 2; 8 at 1. At some point thereafter, Petitioner was apprehended and placed in expedited removal proceedings, wherein he claimed asylum. *See* Dkt. Nos. 1 at 4; 1-2 at 2; 8 at 1. An asylum officer found his claim to be credible and, on November 16, 2024, Petitioner was issued a Notice to Appear charging him as "an alien present in the United States who has not been admitted or paroled"—rather than "an arriving alien"—and he was placed in full removal proceedings. *See* Dkt. No. 1-2 at 2.[1] On January 17, 2025, Petitioner was released on parole. *Id.* at 6. During his removal proceedings, Petitioner applied for asylum. *See* Dkt. Nos. 1 at 13; 8 at 2. On October 7,

---

[1] Many "aliens who start in expedited proceedings—namely, those who establish a credible fear of persecution or torture—are transferred to full proceedings." *Matter of M-S-*, 27 I.&N. Dec. 509, 509 (BIA 2019).

2025, Petitioner was re-detained without explanation, and he was denied bond on the grounds that his detention is mandatory under 8 U.S.C. § 1225. *See* Dkt. Nos. 1 at 5; 9-1 at 2–4.

On November 12, 2025, Petitioner initiated this habeas corpus action. *See* Dkt. No. 1. The Court ordered Respondents to file a response, *see* Dkt. No. 5, which they did on December 4, 2025. *See* Dkt. No. 8. On December 10, 2025, Petitioner filed a reply. *See* Dkt. No. 9.

## II.  DISCUSSION

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) (citation omitted). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

### A.  Jurisdiction

The Court must first address Respondents' challenge to the Court's jurisdiction to adjudicate this habeas petition. They cite three jurisdiction-stripping provisions of the INA: § 1252(g), § 1252(b)(9), and § 1225(b)(4). *See* Dkt. No. 8 at 4–5.

Section 1252(g) applies to "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). As such, § 1252(g) only bars jurisdiction over challenges to three distinct actions by the Attorney General: the commencement of removal proceedings, the adjudication of those proceedings, and the execution of removal orders. *See* 8 U.S.C. § 1252(g); *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three

discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."). Here, Petitioner challenges his detention incident to his removal proceedings, and § 1252(g)'s jurisdictional bar therefore does not apply. *See Lopez-Arevelo v. Ripa*, --- F. Supp. 3d. ---, 2025 WL 2691828, at *4 (W.D. Tex. 2025).

Section 1252(b)(9)—which confines "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" to review of challenges to final orders of removal—is likewise not as broad as Respondents assert. 8 U.S.C. § 1252(b)(9); *see Jennings*, 583 U.S. at 293–94 (describing the "expansive interpretation of § 1252(b)(9)" proposed by Respondents as "absurd," and inevitably "lead[ing] to staggering results"). Ultimately, § 1252(b)(9) does not apply where a petitioner is challenging his detention, as opposed to "asking for review of an order of removal," "challenging the decision to detain [him] in the first place or to seek removal," or "challenging any part of the process by which [his] removability will be determined." *Jennings*, 583 U.S. at 294; *see also Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *4 n.2 (S.D. Tex. Oct. 3, 2025) (discussing *Jennings*). Because Petitioner challenges only his ongoing detention during the pendency of his removal proceedings, "§ 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 583 U.S. at 295.

Section 1225(b)(4) fares no better. Respondents argue that, "[e]ven if the alien claims he is not appropriately categorized as an applicant for admission subject to § 1225(b), such a challenge must be raised before an immigration judge in removal proceedings." Dkt. No. 8 at 4; *see Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025) (quoting identical language from the respondents' brief in that case). "[Section] 1225(b)(4) [does] not speak to the distinction between detention and deportability that this Court has explained is essential to the jurisdictional analysis." *Rojas*, 2025 WL 3038262, at *2. Instead, it "addresses an immigration

3

officer's challenge to another officer's favorable determination that a noncitizen is admissible." *Id.* Thus, it is inapplicable where, as here, the petitioner is an "applicant for admission"—that is, one "who has not received a favorable determination of his admissibility." *Id.* Accordingly, none of the provisions cited by Respondents strip the Court of jurisdiction.

**B.    Merits**

Petitioner asserts statutory and other claims for relief. *See* Dkt. No. 1. Because the Court agrees with Petitioner's statutory grounds for relief—that he is a detainee subject to § 1226(a)—it need not address his other claims.

Petitioner argues that Respondents have incorrectly characterized him as being subject to § 1225(b)(2)(A)'s mandatory detention provision instead of § 1226(a)'s discretionary detention provision, which would entitle him to a bond hearing before an immigration judge. *See* Dkt. No. 1 at 1–2, 14. In response, Respondents contend that Petitioner's mandatory detention is not premised on § 1225(b)(2)(A) but, instead, on § 1225(b)(1)(B)(ii). *See* Dkt. No. 8 at 2–4. Petitioner is subject to neither provision.

As this Court has already determined in other similar cases, because Petitioner is an applicant for admission who was not actively "seeking admission" when he was apprehended, he is not subject to § 1225(b)(2)(A). *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025) (collecting cases); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025). As set forth below, Petitioner is similarly free from § 1225(b)(1)(B)(ii)'s mandatory detention provision.

Section 1225(b)(1) requires an immigration officer to order expedited removal, "without further hearing or review," of arriving aliens, and certain other aliens, whom the officer determines

are inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7), unless the alien indicates either "an intention to apply for asylum" or "a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). In those cases, the alien "shall be detained," either for further consideration of the application for asylum, 8 U.S.C. § 1225(b)(1)(B)(ii), or pending a final determination of credible fear of persecution, 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). *See Jennings*, 583 U.S. at 297. Respondents assert that, because Petitioner sought asylum upon being taken into custody, he is subject to mandatory detention during the pendency of his asylum application. *See* Dkt. No. 8 at 2–4; 8 U.S.C. § 1225(b)(1)(B)(ii). As Petitioner's asylum claim has not yet been resolved in his removal proceedings, Respondents reason that Petitioner must be detained until those proceedings conclude. *See* Dkt. No. 8 at 2–4.

Respondents' attempt to use § 1225(b)(1)(B)(ii) as a basis for detention is belied by the fact that Petitioner was not classified as an "arriving alien" when he was detained. *See* Dkt. No. 1-2 at 2; 8 U.S.C. § 1225(b)(1)(a)(ii) (limiting application to aliens "arriving in the United States"); *Rico-Tapia v. Smith*, --- F. Supp. 3d ---, 2025 WL 2950089, at *7 (D. Haw. 2025) ("Respondents' own documents classify Rico-Tapia not as an 'arriving alien,' but as 'an alien present in the United States.'"). Indeed, at the time of his apprehension, immigration officials did not even know precisely when Petitioner entered the United States, nor were they aware of the location where Petitioner entered the United States. *See* Dkt. No. 1-2 at 2.

An "arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1.2. Petitioner does not qualify as an "arriving alien" under this definition. To be classified as such requires "some sort of present-tense action," which has not been

demonstrated here. *See Walizada v. Trump*, No. 25-cv-768, 2025 WL 3551972, at *11 (D. Vt. Dec. 11, 2025); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025) ("In other words, an 'arriving alien' is an 'applicant' who is also doing something: 'coming or attempting to come into the United States.'" (citation modified)). Because Petitioner was not arriving in the United States at the time of his apprehension, he is not subject to § 1225(b)(1)(B)(ii)'s mandatory detention provision. That is, he was "already present in the United States," and therefore subject to § 1226(a), the "default rule" permitting, "but not requiring," the detention of "aliens already present in the United States." *Jennings*, 583 U.S. at 303–04.[2]

## C.  Relief

Petitioner asks the Court to order his immediate release or that he be given a bond hearing within five days. *See* Dkt. No. 1 at 17–18. Courts, including this one, "have found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner." *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (quoting *Lopez-Arevelo*, 2025 WL 2691828, at *13 (citation modified)); *see Mendoza Euceda*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025); *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025). Accordingly, the Court will order Respondents to provide Petitioner with a bond hearing under § 1226(a) within 14 days or release him.

---

[2] Section 1225(b)(1) includes a mandatory detention provision for "certain other aliens" designated by the Attorney General in her "unreviewable discretion." 8 U.S.C. § 1225(b)(1)(A)(iii)(I). But Respondents do not raise this provision in their briefing. *See* Dkt. No. 8. That may be because "certain other aliens" does not include those who have been "admitted or paroled into the United States." 8 U.S.C. § 1225(b)(1)(A)(iii)(II); *see Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *5–6 (E.D. Mich. Oct. 29, 2025) (finding § 1225(b)(1)(A)(iii)(II) inapplicable to aliens who have been temporarily paroled into the United States upon their apprehension). It may also be because, as Respondents concede, Petitioner is "already in 'full' removal proceedings before an immigration judge," Dkt. No. 8 at 7, and the Attorney General only has "discretion to designate 'certain other aliens' for application of the *expedited* removal process." *E.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025) (emphasis in original).

### III. CONCLUSION

Petitioner Mehdi Moradi's Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) within 14 days or release him. Respondents shall file an advisory as to the status of Petitioner's bond hearing or release no later than 21 days hereafter.

To the extent Petitioner requests attorney's fees under the Equal Access to Justice Act, *see* Dkt. No. 1 at 18, that request is **DENIED**. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions.").

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** this __18__ day of December, 2025.

ORLANDO L. GARCIA
United States District Judge